## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARK A. HENSON, | ) | Bankruptcy Case No. 11-10788  EEB |
| SUZANNE M. HENSON, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| MARK A. HENSON and | ) | |
| SUZANNE M. HENSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 12-1365 EEB |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on the Motion to Dismiss Plaintiffs' Complaint, filed by Defendant Bank of America, N.A. ("Bank"). In their complaint, the Debtors claim that the Bank has continually violated the automatic stay by allowing the pre-petition foreclosure sale date to be continued automatically, from week to week, by the public trustee, despite the fact that they have confirmed a Chapter 13 plan of reorganization to address the arrears owed to the Bank. According to the Debtors, the continuances have caused them to receive numerous calls from realtors and others wanting to buy their home at each continued sale date, thereby causing them to fear the imminent loss of their home. As a result, they seek damages for emotional distress, as well as punitive damages, attorney fees, and costs pursuant to 11 U.S.C. § 362(k).[1] For the following reasons, the Court concludes that the automatic continuance of the sale date, by itself, serves only to maintain the status quo and does not fit within the definition of a "continuation" of a legal proceeding in violation of § 362(a)(1), nor is it an act to collect a debt in violation of § 362(a)(6). Thus, the Bank's Motion to Dismiss is well founded.

The Tenth Circuit has observed that "the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Maez v. Mountain States Telephone & Telegraph, Inc.,* 54 F.3d 1488, 1496 (10th Cir. 1995) (quoting *Auster Oil &*

---

[1] Unless otherwise indicated, references to "§" or "Section" shall mean the Bankruptcy Code, Title 11 of the United States Code.

*Gas. Inc. v. Stream,* 764 F.2d 381, 386 (5th Cir.1985)).  This Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  Despite this strong presumption, the Bank asserts that the facts pled are legally insufficient to establish a claim.  It does not dispute that the public trustee has continued the sale date numerous times, and that it has taken no action to halt this process.  But the Bank does not agree that its inaction amounts to a stay violation.  Given these undisputed facts, it is appropriate for this Court to determine the matter by means of a motion to dismiss.  Whether a party's actions or omissions have violated the automatic stay is a question of law.  *Diviney v. Nationsbank of Texas (In re Diviney)*, 225 B.R. 762, 769 (10th Cir. BAP 1998).

The Debtors claim that the automatic rescheduling of the sale date violates two provisions of § 362.  Section 362(a) provides that the filing of a bankruptcy petition operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; [and]
>
> . . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1), (6).  Addressing § 326(a)(6) first, the Court must consider what "act" the Bank has taken, whether such an action is "against the debtor," and whether it represents an attempt to collect or recover a pre-petition claim.

At first blush, it might appear that the Bank has taken no action whatsoever.  After all, it is the public trustee who has continued the sale date from week to week.  In fact, in Colorado, the foreclosure sale is continued automatically by law:

> If all publications of the combined notice prescribed by section 38-38-103(5) or 13-56-201(1), C.R.S., have been completed before the bankruptcy petition has been filed that automatically stays the officer from conducting the sale, the officer shall announce, post, or provide notice of that fact on the then-scheduled date of sale, take no action at the then-scheduled sale, and allow the sale to be *automatically continued* from week to week in accordance with paragraph (a) of subsection (1) of this section unless otherwise requested in writing prior to any such date of sale by the holder of the evidence of debt or the attorney for the holder.

Colo. Rev. Stat. § 38-38-109(2)(a) (2012) (emphasis added).

But a creditor who has taken an action that has set a course of action in motion may be required to take affirmative steps to stop the proceeding. For example, a creditor who has instituted a continuing garnishment must take steps to terminate the garnishment once it learns of a bankruptcy filing. *In re Scroggin*, 364 B.R. 772, 779-80 (10th Cir. BAP 2007). In this case, the Bank instituted foreclosure proceedings, setting a process in motion. Post-petition the Bank has done nothing to terminate the proceeding. The public trustee, however, has been notified of the bankruptcy filing and has not taken the next step to actually sell the property. The process has, in effect, been halted from its normal progression. No steps have been taken or allowed to occur post-petition to collect a pre-petition debt, to exercise control over this property of the estate, or to enforce the Bank's lien. 11 U.S.C. §§ 362(a)(6), (3) & (4).

The more difficult question is whether continuing the sale date constitutes the "continuation" of a proceeding against a debtor in violation of § 362(a)(1). Answering this question in the affirmative, the Debtors rely on *Lynn-Weaver v. ABN-AMRO Mortgage Group, Inc. (In re Lynn-Weaver)*, 385 B.R. 7 (Bankr. D. Mass. 2001). In *Lynn-Weaver*, the court distinguished its earlier ruling in *In re Heron Pond, LLC*, 258 B.R. 529, 530 (Bankr. D. Mass. 2001), which had provided a safe harbor for "a single continuance of a foreclosure sale following the filing of a petition . . . if, before the continued sale date, the creditor filed an appropriate motion for relief from stay." *In re Lynn-Weaver*, 385 B.R. at 11-12 (citing *In re Heron Pond, LLC*, 258 B.R. at 530). The *Lynn-Weaver* court held that the single continuance was a "temporary place-holding measure intended only to secure the status quo for a brief time until a motion for relief from stay could be filed." *Id.* at 11. Because the mortgagee in *Lynn-Weaver* had continued the sale date five times without ever seeking relief from stay, the court held that each of those continuances were violations of the automatic stay under § 362(a)(1). *Id.* at 11-12.

The overwhelming weight of authority, however, is to the contrary. While the Tenth Circuit has not yet had to address this issue, all of the circuit courts that have examined the issue have held that continuing a foreclosure sale date in the manner provided by state law does not violate the automatic stay. For example, in *First Nat'l Bank of Anchorage v. Roach (In re Roach)*, 660 F.2d 1316 (9th Cir. 1981), the debtor sought to have an order granting the bank relief from stay and the subsequent foreclosure sale set aside, arguing that the bank had repeatedly violated the automatic stay by publishing several successive notices postponing a foreclosure sale with a new sale date. The Ninth Circuit held:

> The purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions. The automatic stay also prevents piecemeal diminution of the debtor's estate. The automatic stay does not necessarily prevent all activity outside the bankruptcy forum.

> Here the Bank merely maintained the status quo, and did not harass, interfere or gain any advantage. This is consistent with the purpose of the automatic stay provision.

*In re Roach*, 660 F.2d at 1318-19 (citations omitted).

In *Taylor v. Slick*, 178 F.3d 698 (3rd Cir. 1999), the mortgage holder continued the sheriff's sale after the debtor filed bankruptcy. The mortgage holder subsequently obtained relief from stay and foreclosed on the property, obtaining and recording a sheriff's deed. Nearly a year after the property went to deed, the debtor filed an adversary proceeding with the bankruptcy court asserting, among other things, that the continuance of the sale after he filed his petition violated the automatic stay and, therefore, voided any subsequent sale. The Third Circuit rejected this assertion, stating:

> The primary purposes of the automatic stay provisions are to effectively stop all creditor collection efforts, stop all harassment of a debtor seeking relief, and *to maintain the status quo* between the debtor and his creditors, thereby affording the parties and the Court an opportunity to appropriately resolve competing economic interests in an orderly and effective way. We must therefore decide whether a continuation of a sheriff's sale serves to maintain the status quo between the debtor and his creditors or whether it constitutes a "judicial, administrative, or other action or proceeding" prohibited by § 362(a)(1).

> According to the principal of *noscitur a sociis*, the word "continuation," as used in § 362(a)(1), must be read in conjunction with other words that surround it, such as "commencement." Upon such examination, it becomes apparent that the filing of a bankruptcy petition prohibits the beginning ("commencement") of a judicial proceeding and the carry forward ("continuation") of a proceeding that has already begun.

> The "continuation" of a sheriff's sale, on the other hand, connotes the postponement of a proceeding and effectuates the purposes of § 362(a)(1) by preserving the status quo until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay. A postponement notice does not, by itself, permit the rescheduled sheriff's sale to occur. So long as the bankruptcy petition is pending before the bankruptcy court, a creditor must apply for and obtain relief from the stay before it can proceed with the sale on the date certain. Rule 3129.3(b), Pennsylvania Rules of Civil Procedure preserves the status quo and permits the creditor to avoid duplicative foreclosure costs that would eventually be deducted from the proceeds of the sale (to the disadvantage of the debtor). It is therefore clear that Rule 3129.3(b) comports with § 362(a)(1).

*Taylor*, 178 F.3d at 702 (internal quotes and citations omitted) (emphasis in original). The Sixth Circuit has ruled similarly in *Worthy v. World Wide Fin. Svcs., Inc.*, 347 F.Supp. 502 (E.D. Mich. 2004), *aff'd*,192 Fed. Appx. 369 (6th Cir. 2006).

In *In re Peters*, 101 F.3d 618 (9th Cir. 1996), the Ninth Circuit addressed this issue in the specific context of a chapter 13 case. As in the present case, the issue in *Peters* was whether the mortgage lenders violated the automatic stay by continuing to postpone foreclosure sales after confirmation of the debtor's chapter 13 plan. The bankruptcy court denied the debtor's motion for fees based on the alleged stay violation. The Ninth Circuit Bankruptcy Appellate Panel reversed on the basis that confirmation of the plan effected an immediate "cure" of the pre-petition default on the mortgage and, therefore, the creditors had no further right under Nevada law to continue a foreclosure when the default had been cured. *In re Peters,* 184 B.R. 799, 803 (9th Cir. BAP 1995). The Bankruptcy Appellate Panel held that the creditor's "attempt to regain its position in violation of the confirmed plan is a violation of the automatic stay." *Id.* The Ninth Circuit reversed, rejecting the theory that confirmation effected an immediate cure, and holding that the cure does not take place until the debtor has fully repaid the arrearage as required by the plan. "Thus, the *Roach* court's holding is applicable in the post-confirmation context because the postponements merely continue to maintain the status quo." *In re Peters,* 101 F.3d at 620 (citing *First Nat'l Bank of Anchorage v. Roach (In re Roach)*, 660 F.2d 1316, 1318-19 (9th Cir. 1981)).

It is important to distinguish the present case from cases in which the mortgagee either initiates a new foreclosure proceeding or takes further steps to process a foreclosure. In *In re Derringer*, 375 B.R. 903 (10th Cir. BAP 2007), the court distinguished continuing a foreclosure sale during the pendency of a bankruptcy case, which does not violate the automatic stay, from a creditor's mailing of a foreclosure notice to the debtor and filing it in state court. *Id.* at 911. Such additional steps, it held, were not akin to a "postponement" or "continuation" of a previously-scheduled foreclosure sale, but constituted an initiation of a new foreclosure proceeding, in willful violation of the automatic stay. *Id.; see also Barnett Bank of Southeast Georgia v. Trust Co. Bank of Southeast Georgia (In re Ring)*, 178 B.R. 570, 574 (Bankr. S.D. Ga. 1995) (advertising a sale prior to obtaining relief from stay is a violation); *In re Franklin Mtg. & Inv. Co., Inc.*, 143 B.R. 295, 303 (Bankr. D.D.C. 1992) (sending notice of a sheriff's sale to a court directing it to publish the notice violated the stay); *In re Demp*, 23 B.R. 239, 240 (Bankr. E.D. Pa. 1982) (causing debtor's property to be posted for a sheriff's sale post-petition violated the automatic stay).

The present case does not involve the initiation of a new foreclosure. Nor did the Bank take additional steps in the foreclosure process. The only action that has occurred post-petition is the continuation or postponement of the sale date. This Court finds the analyses of the Third, Sixth and Ninth Circuits persuasive in their interpretation of the term "continuation." "Continuation," as used in § 362(a)(1), connotes an advancement of an action or proceeding. Continuing the foreclosure sale date from week to week in the manner prescribed by Colo. Rev. Stat. § 38-38-109(2)(a) does not advance the foreclosure process. It merely maintains the status quo.

5

It is, therefore, ORDERED that the Motion to Dismiss Plaintiffs' Complaint is GRANTED and this adversary proceeding is DISMISSED.  Judgment shall enter in favor of the Defendant and against the Plaintiffs.

DATED this 11th day of September, 2012.

BY THE COURT:

Elizabeth E. Brown,
United States Bankruptcy Judge